(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

## Western District of New York

| | |
|---|---|
| ROBERT MIZELL _____ *Plaintiff(s)* *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* **-v-** " See ATTACHED " _____ *Defendant(s)* *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 20 - CV - 1409 _____ *(to be filled in by the Clerk's Office)* AMENDED COMPLAINT **JURY TRIAL:** Yes ✓ No ___  |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

( 1 )

Full List of defendants

1) T. GETER, Elmira C.O.

2) J.L. HARTMAN, Elmira C.O.

3) S. FARYNA, Elmira CO.

4) A. MCMASTERS, Elmira C.O.

5) J. WALLACE, Elmira C.O.

6) T. JOHNSON, Elmira Sergeant

7) JOHN DOE,
MEDICAL CARE PROVIDER Assigned to the Infirmary
emergency room in Elmira on September 7, 2019
early afternoon

8) JANE DOES,
MEDICAL CARE PROVIDER ASSIGNED To make
ROUNDS IN ELMIRA MHU Building FROM
SEPTEMBER 7, 2019 To SEPTEMBER 13, 2019

(2)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name   ~~██████████~~ ROBERT MIZELL
All other names by which
you have been known:
ID Number   14A5395
Current Institution
Address

| | | |
|---|---|---|
| City | State | Zip Code |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 2
Name   J.L. HARTMAN
Job or Title *(if known)*   ELMIRA CORRECTIONAL OFFICER
Shield Number
Employer   ELMIRA CORRECTIONAL FACILITY
Address   1879 DAVIS ST. BOX 500
ELMIRA   N.Y.   14902-0500

| | | |
|---|---|---|
| City | State | Zip Code |

☑ Individual capacity   ☐ Official capacity

Defendant No. 3
Name   S. FARYNA
Job or Title *(if known)*   ELMIRA CORRECTIONAL OFFICER
Shield Number
Employer   ELMIRA CORRECTIONAL FACILITY
Address   1879 DAVIS ST. BOX 500
ELMIRA   N.Y.   14902-0500

| | | |
|---|---|---|
| City | State | Zip Code |

☑ Individual capacity   ☐ Official capacity

(3)

B. DEFENDANTS

DEFENDANT NO. 1           T. GETER

TITLE:          ELMIRA CORRECTIONAL OFFICER

EMPLOYER:      ELMIRA CORRECTIONAL FACILITY
ADDRESS         1879 DAVIS ST.
                BOX 500
                ELMIRA, NY   14902-0500
                ☑ INDIVIDUAL CAPACITY


DEFENDANT NO. 4           A. MCMASTERS

TITLE:          ELMIRA CORRECTIONAL OFFICER

EMPLOYER:       ELMIRA CORRECTIONAL FACILITY
ADDRESS         1879 DAVIS ST
                BOX 500
                ELMIRA, NY   14902-0500

                ☑ INDIVIDUAL CAPACITY


(4)

# DEFENDANTS

DEFENDANTS NO. 7

MEDICAL CARE PROVIDER "JOHN DOE" WHO WAS ASSIGNED TO THE ELMIRA INFIRMARY EMERGENCY ROOM ON SEPTEMBER 7, 2019 EARLY IN THE AFTERNOON

TITLE: ELMIRA MEDICAL CARE PROVIDER

EMPLOYER: ELMIRA CORRECTIONAL FACILITY
ADDRESS    1879 DAVIS ST.
           BOX 500
           ELMIRA, N.Y.   14902-0500

DEFENDANTS NO 8.

MEDICAL CARE PROVIDERS ASSIGNED TO MAKE ROUNDS IN ELMIRA MHU BUILDING FROM SEPTEMBER 7, 2019 TO SEPTEMBER 13, 2019 "JANE DOES"

TITLES: REGISTERED NURSES

EMPLOYER: ELMIRA CORRECTIONAL FACILITY
ADDRESS    1879 DAVIS ST.
           BOX 500
           ELMIRA, N.Y.   14902-0500

(5)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 5
  Name                              J. WALLACE
  Job or Title *(if known)*         ELMIRA CORRECTIONAL OFFICERS
  Shield Number
  Employer                          ELMIRA CORRECTIONAL FACILITY
  Address                           1879 DAVIS ST. BOX 500
                                    ELMIRA          N.Y.      14902-0500
                                    *City*          *State*   *Zip Code*
  ☑ Individual capacity    ☐ Official capacity

Defendant No. 6
  Name                              T. JOHNSON
  Job or Title *(if known)*         ELMIRA CORRECTIONAL OFFICER (SERGANT)
  Shield Number
  Employer                          ELMIRA CORRECTIONAL FACILITY
  Address                           1879 DAVIS ST BOX 500
                                    ELMIRA          N.Y.      14902-0500
                                    *City*          *State*   *Zip Code*
  ☑ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

"SEE ATTACHED"

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

(6)

"SEE ATTACHED"

**D.**  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"SEE ATTACHED"

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.**  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

"SEE ATTACHED"

**B.**  If the events giving rise to your claim arose in an institution, describe where and when they arose.

"SEE ATTACHED"

(7)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

"SEE ATTACHED"

D.    What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

"SEE ATTACHED"

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

"SEE ATTACHED"

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

"SEE ATTACHED"

(8)

# I. Complaint (CAPTION Completed OR PREVIOUS PAGES)

ROBERT MIZELL, Pro Se, for the Complaint State as follows:

## II. Parties, Jurisdiction and Venue

1) Plaintiff, ROBERT MIZELL was confined in the maximum Security facility of Elmira in New York State, located at 1879 DAVIS ST., P.O. BOX 500 Elmira, N.Y. 14902-0500 from May 2019 to September 2019. Plaintiff is currently confined at          Correctional facility
          ,N.Y          .

2) Plaintiff, ROBERT MIZELL is and was at all times mentioned herein an adult citizen of the United States and a resident of the State of New York.

3) Defendants, T. GETER, J. L. HARTMAN, A. MCMASTERS, J. WALLACE, S. FARYNA, T. JOHNSON and JOHN & JANE DOES, were at all times relevant here in employees of Elmira Correctional facility.

(9)

4) This action arises under and is brought Pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under Color of law [STATE] of rights guranteed by the Eighth & Fourteeth ammendment to the United STates Constitution. This Court has Jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1343.

5) Plaintiff claims for Compensatory & Punitive & injunctive relief are authorized by rule of the federal Rules of Civil Procedure.

6) This cause of action arose in the Western District of New York. Therefore venue is proper under 28 U.S.C. Section 1391(b)

## III    Prisoner Status / Statement of Claim

7) At all times relevant Plaintiff was a Convicted Prisoner in the STATE of NewYork and defendants were "persons" for ~~purposes~~ purposes of 42 U.S.C. Section 1983 and acted under Color of law to deprive Plaintiffs of their Constitutional rights as Set forth more fully below.

(10)

# IV    Statement of facts

8) On or about September 5TH 2019, Plaintiff ROBERT MIZELL was placed in the Residential Crisis treatment Program located in the MHU building of Elmira Correctional facility after act of self harm which resulted in the application of 17 stitches to his right forearm at an outside hospital.

9) When interviewed on September 6TH 2019, Plaintiff ROBERT MIZELL by Office of Mental health clinician in the R.C.T.P. expressed his difficulty adjusting to the abrupt discontinuance of the 500 mg thorazine prescription he had been on for almost 2 years. Plaintiff also articulated his struggle with his Sexual iDENTITY which also had been causing Psychiatric Symtoms for him.

10) Immediately following the interview on September 6, 2019 Plaintiff became the focal point of unwanted attention by Correctional staff assigned and visiting the 2nd floor of Elmira Correctional facilities MHU building. THis was Mainly due to his habit of Voicing in Sexual IDENTITY struggles with whoever would listen to him.

(11)

11) In Elmira Correctional facilities MHU building 2nd floor, the R.C.T.P. staff can not only monitor every patient/prisoners movement in there cells due to cameras they are also aware that their conversations are audible to the patients housed in those strip cells and have made it a habit to taunt and provoke certain patients they dislike to force a discharge from the unit or just instigate a reaction.

12) The audibility of R.C.T.P. staffs biased comments concerning Plaintiff, ROBERT MIZELLS condition and behavior provided for the deterioration further of his already questionable mental stability also considering the fact that some of the comments were homophobic.

## First claim

13) On or about September 7th 2019 during the distribution of breakfast defendants C.O. T.GEBER and J.L. HARTMAN gave every patient/prisoner in the R.C.T.P. unit a tray but denied Plaintiffs ROBERT MIZELL his breakfast tray without giving a justifiable reason. As they carted away the food cart and exited the R.C.T.P. area they began to blurt homophobic remarks in the 2nd floor hallway of the MHU building. This continued untill the distribution of lunch came apparent.

(12)

14) On or about September 7th 2019 in Elmira Correctional Facilities R.C.T.P. unit and during the distribution of lunch, plaintiff, ROBERT MIZELL, non violently placed his right forearm out of the feedup hatch upon which time defendants C.O. T. GETER and J.L. HARTMAN used there WOODEN BATONS to maliciously strike plaintiffs right forearm over 20 times gripping the batons with both hands even screaming homophobic remarks as they attacked untill plaintiff retracted his arm back into the cell.

15) The use of force was excessive because defendants C.O. T. GETER and J.L. HARTMAN were not in imminent danger and the procedure for a patient who places his arms non violently out of the hatch on a suicide watch unit is to wheel the large cell shield and place it in front of the exposed area untill a supervisor arrives to decide the next cause of action.

16) The use of force was discriminatory because defendants C.O. T. GETER and J.L. HARTMAN demonstrated selective treatment with plaintiff compared with the other patient/prisoners who had been exhibiting similar behavior but were not subjected to a deviation of proper policy and procedure.

(13)

The use of force was also discriminatory because of the malicious manner in which both defendants engaged in the attack, gripping both hands on there batons, swinging them like baseball bats and blatantly blurting homophobic remarks as they beat plaintiffs arm which both revealed there motive for selectively treating him and demonstrated there intent to injure him.

17) As a result of this excessive use of force by defendants C.O. T.GEIER and J.L. HARTMAN, Plaintiff ROBERT MIZELL was deprived of his 8TH Amendment right to be free from cruel and unusual punishment and his 14TH amendment right to be free from discrimination as a mentally ill and homosexual prisoner.

18) The injuries plaintiff sustained were a severely comminuted fracture of his right forearms distal ulna and mental pain and suffering.

19) Plaintiff is requesting compensatory and punitive relief in the amount of $250,000.

# Second Claim

20) Immediately After the use of force occured on

(14)

September 7TH 2019 on area Sergeant arrived to ~~XXXXXXX~~ Endorse the misbehavior report that the defendants T. GETER & J.L. HARTMAN fabricated to cover up these actions. The area Sergeant also asked plaintiff, Robert Mizell If he needed Medical attention upon which time he complied with the handcuff procedures and was escorted to the Elmira Correctional Facilities infirmary building.

21) Registered nurse "JOHN DOE" who was assigned to the Elmira C.F. Infirmary Emergency room on Saturday September 7TH, 2019 at or around the afternoon refused to sign off on an order to conduct an x-ray exam despite the fact that the area where the plaintiffs arm was broken was swollen the size of a baseball and Plaintiff could only be handcuffed from the front due to extreme pain.

22) Upon information and belief, the defendant "JOHN DOE" also neglected to document the extent of plaintiffs injury so there could be a follow up appointment with the physician of the facilities who normally would have returned to work the following monday morning.

23) After being sent back to his cell and for the remaining 5 days spent in Elmira Correctional Facility untill plaintiffs transfer on September 13TH, 2019 his injury was neglected by every "JANE DOE" Registered nurse who all happen to be female despite the

(15)

fact that he could not be handcuffed from the back because the pain was so extreme and the area where his arm was broken was abnormally swollen.

24) Registered nurse "JOHN DOE" and "JANE DOES" were deliberately indifferent to plaintiffs medical needs because they were aware of his injury due to him complaining to them during there distribution of medical medication which is twice a day. The abnormally swollen nature of plaintiffs arm should have raised red flags to proffesionally certified medical care providers. but they neglected to follow up on my complaints.

25) As a result of Registered nurses "JOHN & JANE DOES" deliberate indifference to plaintiff complaints and the obvious swollen nature of his arm, plaintiff suffered a severely comminuted fracture of the distal ulna in his right arm which was not treated for untill his transfer to Mary Correctional Facility a month later. For a month plaintiff remained with a fractured right forearm and every movement while awake or asleep brought pain to him. When finally seen by a doctor he was told that a metal rod would have to be inserted due to the degree of the bone seperation.

26) Plaintiff was consequently deprived of his 8th Amendment right to be free from cruel and unusual punishment as a result of this deliberate indifference perpetrated by

(16)

JOHN & JANE DOES  Medical care providers.

27) Plaintiff is requesting Compensatory and punitive relief
In the amount of $250,000

# THIRD CLAIM

28) For around 5 days, from September 7th 2019 to September 12th 2019, Plaintiff, ROBERT MIZELL, Coupled with his broken right arm and the continual deterioration of his mental condition, became the victim of harassment by R.C.T.P. staff who knowing that there verbal bashing was audible to him would say that he was "faking" his injury and made homophobic remarks about him while he was suffering in his cell.

29) On or about September 12th 2019, Plaintiff, ROBERT MIZELL, who had been demonstrating behavior similar to psychosis and Mania threw an unknown Substance on both the OMH (Office of Mental Health) nurse and her C.O. escort during the distribution of psychiatric medication late in the afternoon on the 2nd floor of Elmira C.F.s MHU R.C.T.P. area.

30) After Plaintiff, ROBERT MIZELL, threw on the R.C.T.P. Staff through the feedup hatch, the hatch was immediately closed and Plaintiff retracted his arm back into the cell as order was restored by C.O. S. FARXNH.

(17)

31) Ten minutes after the throwing and the restoration of order, defendant S. FARYNA appeared in front of the #4 cell R.C.T.P. Area and blatantly told plaintiff, ROBERT MIZELL, that they were going to "fuck" him up.

32) Ten minutes after defendant S. FARYNA threatened plaintiff, ROBERT MIZELL, and while plaintiff was sitting idly in his cell, defendant S. FARYNA crept down the back of the R.C.T.P. area whose the cells bars are not protected by a shield and sprayed plaintiff an excessive amount of times with D.C. department issued pepper spray.

33) Approximately 30 minutes had passed after defendant S. FARYNA threatened and sprayed plaintiff ROBERT MIZELL, when defendant Sergeant T. JOHNSON appeared at plaintiff's cell and asked him if he wanted to go to the infirmary so he could recieve medical attention for his broken arm, upon which time plaintiff complied with the handcuff procedures. and was escorted out of the R.C.T.P. area by defendants A. McMASTERS and J. WALLACE supervised by SERGEANT T. JOHNSON.

34) Immediately after exiting the R.C.T.P. area and entering

(18)

the hallways 2nd Floor MHU building, Correctional officers A. McMASTERS and J. WALLACE proceeded to strike plaintiff, ROBERT MIZELL with closed fist blows to the Face and body all while plaintiff was handcuffed.

35) Defendants continued to strike plaintiff with closed fist blows as they made there way to the to staircase of the 2nd floor of the MHU building, defendants C.O. A. McMASTERS and J. WALLACE then proceeded to kick Plaintiff who was on the floor already down the 2 flights of stairs.

36) As Plaintiff rolled down several steps at a time Defendants A. McMASTERS and J. WALLACE continued to kick him untill his face hit one of the bottom steps and broke his left front tooth instantly.

37) Supervised the entire time by Sergeant T. JOHNSON, CO. A. McMASTERS and J. WALLACE, plaintiff was escorted, Handcuffed the entire time, to the Elmira C.F. infirmary where the supervising sgt T. JOHNSON ordered both officers to ~~~~ rip out the 17 sutures in plaintiffs broken right forearm, upon which time both officers followed these supervisors orders.

(19)

38) Immediately after this excessive use of force, Plaintiff was then escorted back to the R.C.T.P. area and the next day on September 13, 2019 transferred to MARCY Correctional facilities R.M.H.U. (Residential Crisis treatment unit).

39) The use of force it its entirety was excessive because Plaintiff posed no imminent threat to officers S. FARYNA, A. McMASTERS & J. WALLACE nor was a restoration of order required as Plaintiff was non violently sitting in his cell when S. FARYNA administered an excessive amount of O.C. spray and Plaintiff was handcuffed the entire time he was beaten maliciously and kicked down two flights of stairs by officers A. McMASTERS & J. WALLACE supervised by Sgt F. JOHNSON.

40) The use of force was also discriminatory because defendants S. FARYNA, A. McMASTER, J. WALLACE, and SGT T. JOHNSON deviated from proper policy and procedure in there handling of plaintiffs unhygienic act and demonstrated a blatant, Malicious act of retaliation. Defendants gave Plaintiff selective treatment because they did not behave in a professional manner in there dealing with plaintiff as opposed the other patient/prisoners who had also been committing the same acts in the R.C.T.P.

41) As a result of this excessive use of force plaintiff was deprived of his 8TH Amendment right to be free from cruel & unusual punishment. Also plaintiff was deprived of his 14TH Amendment right to be equally protected from discrimination as a mentally ill HOMOSexual prisoner.

(20)

42) The injuries sustained from this excessive use of force was a missing tooth the front left tooth which although some might view as cosmetic may have caused more pain and suffering than the broken arm as having to look in the mirror every day and be reminded of the incident has created Post traumatic stress that cannot be treated with psychiatric care.

43) Plaintiff is requesting Compensatory and punitive relief in the amount of $250,000.

(21)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

**A.**   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

~~xxxx~~   ELMIRA CORRECTIONAL FACILITY

**B.**   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

**C.**   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

EXCESSIVE FORCE, DELIBERATE INDIFFERENCE, DISCRIMINATION

(22)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**D.** Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

**E.** If you did file a grievance:

1. Where did you file the grievance?

MARCY CORRECTIONAL FACILITY

2. What did you claim in your grievance?

2 Excessive force, Deliberate indifference, Discrimination

3. What was the result, if any?

DID NOT RECIEVE GRIEVANCE #

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

FILED COMPLAINT WITH OFFICE OF SPECIAL INVESTIGATION AND NOTICE OF INTENT WITH THE ATTORNEY GENERAL

(23)

**F.**    If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I INFORMED OSI (OFFICE OF SPECIAL INVESTIGATIONS) & ~~DISTRICT~~ ATTORNEY GENERAL)

**G.**    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

"SEE ATTACHED"

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

(24)

# VII EXHAUSTION OF REMEDIES

G. Additional information relevant to exhaustion of remedies

1.) Plaintiff was estopped from filing grievance by the following circumstances:

A.) The second excessive use of force was an act of retaliation and a demonstration of intimidation and machination also the abrupt transfer the day after to another facility constitutes affirmative action taken by state to prevent plaintiff from exhausting remedies

B) Plaintiff was misinformed unintentionally of the grievance process in the event of abrupt transfers to other facility by officer and absence of instruction of these circumstances in the MARCY RMHU rule book as well as the facility rule book constitutes Misrepresentation therefore estoppel

c) Plaintiff was placed on a fictitious draft on ~~october~~ ~~claimant~~ 18th to october 22nd 2019 after he filed grievance twice (1) to Elmira C.f. VIA MAIL (2) to IGRC IN MARCY C.f. and was denied a

(25)

Grievance # both times but did not recieve a response for the grievances untill after the Fictitious draft was CANCeled. The Response was dared for untimely.

2) Plaintiff took every other evenue to exhaust his administrative remedies including Filing a notice of intent with the attorney general and filing a complaint with the Office of special investigations.

3) PLEASE See Exhibits A → D

  A) DRAFT CANCELED to FIVE PoiNTS oN 10-22-19

  B) NOTICE of INTENT TO ATTORNEY GENERAL

  C) CERTIFIED MAIL TO ATTORNEY GENERAL

  D) CERTIFIED MAIL TO ATTORNEY GENERAL

(26)

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**A.**     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

**B.**     If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____



(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    11-8-21

Signature of Plaintiff    _Robert Mizell_

Printed Name of Plaintiff    ROBERT MIZELL

Prison Identification #    14A6395

Prison Address    GREAT MEADOW C.F.   P.O. BOX 51

COMSTOCK    N.Y.    12821-0051
_City_    _State_    _Zip Code_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

_____
_City_    _State_    _Zip Code_

Telephone Number    _____

E-mail Address    _____

(28)

## Verification

STATE OF NEW YORK

SS.:

COUNTY OF WASHINGTON

ROBERT MIZELL being duly sworn, states that he is the plaintiff in this action and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated to be allowed on information and belief and as to those matters he believes it to be true.

Signature

Sworn to before me this ___8th___

day of _November_, _2021_

NOTARY PUBLIC
Notary Public in the State of New York
No. 01TR6390350
Qualified in Washington County
My Commission Expires on April 15, 20_23_

(29)

410 Med CNYPC (4/10)

| Patient Name: | Mizell, Robert | | C#: 361382 | | |
|---|---|---|---|---|---|

| TRANSACTION Date: | *Type: | FACILITY NAME or PROGRAM TRANSFER From: | To: | MENTAL HEALTH LEVEL # and ** S Designation | SINGLE CELL HOUSING REQUIRED Y/N |
|---|---|---|---|---|---|
| 10/12/18 | A | Clinton RCTP | Clinton ICP | 1 S | |
| 11/24/18 | A | Clinton ICP | Clinton RCTP | 1 S | |
| 11/26/18 | A | Clinton RCTP | Clinton ICP | 1 S | |
| 2/13/19 | A | Clinton ICP | Clinton RCTP | 1 S | |
| 2/14/19 | A | Clinton RCTP | Clinton ICP | 1 S | |
| 4/8/19 | A | Clinton ICP | Clinton RCTP | 1 S | |
| 4/9/19 | A | Clinton RCTP | Clinton ICP | 1 S | |
| 5/6/19 | PRG | Clinton ICP | Elmira GP | 1 S | |
| 6/14/19 | PRG | Elmira GP | Elmira RCTP | 1 S V | |
| 7/2/19 | PRG | Elm TRICP | Elm OBS | 1 S V | |
| 7/3/19 | PRG | Elm OBS | Elm TRICP | 1 S V | |
| 9/5/19 | PRG | Elmira TRICP | Elmira RCTP | 1 S V | |
| 9/13/19 | A | Elmira RCTP | Elmira Marcy RCTP | 1 S V | |
| 9/20/19 | A | MCF RCTP | MCF RMHU | 1 S V | |
| 9/30/19 | A | MCF RMHU | MCF RCTP | 1 S V | |
| 10/1/19 | A | MCF RCTP | MCF RMHU | 1 S V | |
| 10/20/19 | A | Marcy RMHU | Five Points | 1 S V | cancelled |
| 10/29/19 | A | MCF RMHU | MCF RCTP | 1 S V | |
| 10/31/19 | M | MCF RCTP | MCF RMHU | 1 S V | |
| 11/25/19 | A | MCF RMHU | MCF RCTP | 1 S V | |
| 12/5/19 | M | MCF RCTP | MCF RMHU | 1 S V | |
| 12/5/19 | M | MCF RMHU | MCF RCTP | 1 S V | |
| 12/9/19 | M | MCF RCTP | MCF RMHU | 1 S V | |

*ADM = Admission   I = Inactive Transfer   DSC = Discharge   SCR = Screening   A = Active Transfer
AS = Active Screening   PRG = Program Transfer   LC = Level Change   OTC= Out to Court Transfer
SHU= Transfer into or out of SHU housing   **S= Serious Mental Illness Designation
OMH-PHI

EXHIBIT A   (30)

Case 9:20-cv-01012-GTS-ML   Document 61   Filed 03/31/21   Page 31 of 39

| Central New York Psychiatric Center Corrections-Based Operations **Chronological Record** | | Patient's Name (Last, First, M.I.) Mizell, Robert | | |
|---|---|---|---|---|
| | | "C" No. 36138.2 | | DOB: 5/8/86 |
| | | DIN# 14AS395 | | Unit: 9/2 |

| CR Date: 9/4/29 | ME Date: 5/5/32 | Parole Eligibility Date: | |
|---|---|---|---|
| Offenses: Kidnapping 2nd Robbery 1st CPW 2nd | | Sentence: 15 to 84 yrs | |

| TRANSACTION Date:   *Type: | | FACILITY NAME or PROGRAM TRANSFER From:        To: | | MENTAL HEALTH LEVEL # and ** S Designation | SINGLE CELL HOUSING REQUIRED Y/N |
|---|---|---|---|---|---|
| 12/10/19 | A | MCF RMHU | MCF RCTP | 1SV | |
| 12/24/19 | Pg | MCF RCTP | MCF RMHU | 1SV | |
| 1/1/20 | Ag | MCF RMHU | MCF RCTP | 1SV | |
| | Pg | MCF RCTP | MCF RMHU | 1SV | |
| | Pg | MCF RMHU | MCF RCTP | 1SV | |
| | Pg | MCF RCTP | MCF RMHU | 1SV | |
| 1/31/20 | Pg | MCF RMHU | MCF RCTP | 1SV | |
| | Pg | MCF RCTP | MCF RMHU | 1SV | |
| 2/7/20 | Pg | MCF RMHU | MCF RCTP | 1SV | |
| | Pg | MCF RCTP | MCF RMHU | 1SV | |
| 2/12/20 | A | Marcy RMHU | Attica GTP | 1SV | |
| 2-13-20 | SHU | Attica GP | Attica SHU | 1SV | |
| 2-13-20 | SCR | — | Attica SHU | 1SV | |
| 2/20/20 | SHU | Attica GTP | Attica RCTP | 1SV | |
| 2/24/20 | SHU | Attica RCTP | Attica GTP | 1SV | |
| 2/25/20 | SHU | Attica GTP | Attica RCTP | 1SV | |
| 2/26/20 | SHU | Attica RCTP | Attica SGTP | 1SV | |
| 2/26/20 | SHU | Attica GTP | Attica RCTP | 1SV | |

*NOTE: THIS REPORT IS STRICTLY CONFIDENTIAL AND IS FOR THE INFORMATION ONLY OF THE PERSON/ AGENCY TO WHOM IT IS ADDRESSED. NO RESPONSIBILITY CAN BE ACCEPTED BY CENTRAL NEW YORK PSYCHIATRIC CENTER IF IT IS MADE AVAILABLE TO ANY OTHER PERSON, INCLUDING THE PATIENT. DESTRUCTION OF THIS MATERIAL IS REQUIRED AFTER STATED USE

Form 410 MED CNYPC (4/10)
*ADM = Admission        I = Inactive Transfer        DSC = Discharge        SCR = Screening     A = Active Transfer
AS = Active Screening        PRG = Program Transfer        LC = Level Change        OTC= Out to Court Transfer
SHU= Transfer into or out of SHU housing        **S= Serious Mental Illness Designation
**OMH-PHI**



STATE OF NEW YORK COURT OF CLAIMS

ROBERT MIZELL,

                                                     X    NOTICE OF

        -against-                  INTENTION TO

                                                FILE CLAIM

THE STATE OF NEW YORK

                                                     X

TO THE ATTORNEY GENERAL OF THE STATE OF NEW YORK;

PLEASE TAKE NOTICE, that the undersigned ROBERT MIZELL intends to file a claim againsts the State of New York, pursuant to Sections 10 and 11 of the Court of Claims Act.

The Post office address of the claimant herein is:

Marcy Correctional Facility
P.O. Box 3600
Marcy, N.Y. 13403-3600

For the time being I am representing myself.

The time when and the place where such claim arose and the nature of the Same are as follows: ON 9-7-19 and 9-11-19 in the R.C.T.P. area of the Elmira C.F.. Claimant was the victim of two assaults which resulted in a broken arm and a broken left front tooth. The assaults were perpetrated by the Correctional officers intentionally. Furthermore claimant was denied medical treatment for his arm for nearly 30 days which exacerbated arm fracture and resulted in the insertion of a medical CAST.

                                                  _Robert Mizell_

                                                  CLAIMANT



EXHIBIT B (31)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___9 – 18 – 20___
(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

Signature(s) of Plaintiff(s)


VERIFICATION

STATE OF NEW YORK
                    SS.

COUNTY OF WYOMING

ROBERT MIZELL being duly sworn, states that he is the plaintiff in this action and that the foregoing complaint is true to his own knowledge, except as to matters therein stated to be allowed on information and belief and as to those matters he believes it to be true.


SWORN TO BEFORE ME THIS 20TH
DAY OF September, 2020

_____
NOTARY PUBLIC

ZACHARY NEVIDOMSKY
Notary Public, State of New York
No. 01NE6347915
Qualified in Cayuga County
Commission Expires September 19, 2020
                                            2024

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ATTORNEY GENERAL (N.Y.S.)
DEPARTMENT OF LAW
CAPITAL BUILDING
ALBANY, NEW YORK 12224

9590 9402 5101 9092 6376 45

2. Article Number (Transfer from service label)

7019 0160 0000 7375 9278

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addres

B. Received by (Printed Name)    C. Date of Deliv

NOV 08 2019

NYS DEPT OF LAW
ADMINISTRATIVE SERVICES

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Re Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirma
☐ Signature Confirma Restricted Delivery

Domestic Return Rece



EXHIBIT C    (32)

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5301 9092 6376 45

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

ROBERT MITCHELL MASSEY
MARCY CORRECTIONAL FACILITY
P.O. BOX 3600
MARCY, NY, 13403-3600

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 6.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$ .50

Total Postage and Fees
$ 10.00

Sent To  ATTORNEY GENERAL (N.Y.S.)
Street and Apt. No., or PO Box No. DEPARTMENT OF LAW, CAPITAL BLDG.
City, State, ZIP+4® ALBANY, NEW YORK 12224

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7014 0160 0000 2375 9278

NOV 6 2019



EXHIBIT D (33)

## Central New York Psychiatric Center
## Corrections-Based Operations

### Chronological Record

**Patient's Name** (Last, First, M.I.): Mizell, Robert

"C" No.: 36382

DOB: 3/8/86

DIN#: 14A5395

Unit: 719

| CR Date: 9/4/29 | ME Date: 5/5/32 | Parole Eligibility Date: 2/19/29 |

Offenses: Kidnapping 2nd, Rob 1st, CHW 2nd

Sentence: 15-18 years

| TRANSACTION Date: | *Type: | FACILITY NAME or PROGRAM TRANSFER From: | To: | MENTAL HEALTH LEVEL # and ** S Designation | SINGLE CELL HOUSING REQUIRED Y/N |
|---|---|---|---|---|---|
| 12/19/14 | ADM | Westchester | DCF | 1 | N |
| 12/23/14 | PRG | DCF GP | DCF FDU | 1 | N |
| | PRG | DCF FDU | DCF GP | 1 | N |
| | LC | — | DCF GP | 1S | N |
| | A | DCF | Attica | 1S | |
| | PRG | Attica GP | Attica RCTP | 1S | |
| | A | Attica RCTP | CNYPC | 1S | |
| | DM | CNYPC | GMRCTPOBS | 1S | |
| | PRG | GMRCTPOBS | GM GP | 1S | |
| | PRG | GMRCTPOBS | GMRCTP.OBS | 1S | |
| 12/1/15 | PRG | GMRCTP.OBS | GMJCP | 1S | |
| 12/11/15 | PRG | GMJCP | GMRCTP.OBS | 1S | |
| 12/22/15 | PRG | GMRCTP.OBS | GMJCP | 1S | |
| 2/12/16 | PRG | GMJCP | GMRCTP.OBS | 1S | |
| 2/16/16 | PRG | GMRCTP.OBS | GMJCP | 1S | |
| 3/20/16 | PRG | GMJCP | GMRCTP.OBS | 1S | |
| 3/21/16 | PRG | GMRCTP.OBS | GMJCP | 1S | |
| 4/10/16 | PRG | GMJCP | GMRCTP.OBS | 1S | |

Form 410 MED CNYPC (4/10)

*ADM = Admission    I = Inactive Transfer    DSC = Discharge    SCR = Screening    A = Active Transfer
AS = Active Screening    PRG = Program Transfer    LC = Level Change    OTC= Out to Court Transfer
SHU= Transfer into or out of SHU housing    **S = Serious Mental Illness Designation

**OMH-PHI**

NOTE: THIS REPORT IS STRICTLY CONFIDENTIAL AND IS FOR THE INFORMATION ONLY OF THE PERSON OR AGENCY TO WHOM IT IS ADDRESSED. NO RESPONSIBILITY CAN BE ACCEPTED BY CENTRAL NEW YORK PSYCHIATRIC CENTER IF IT IS MADE AVAILABLE TO ANY OTHER PERSON INCLUDING THE PATIENT. DESTRUCTION OF THIS MATERIAL IS REQUIRED AFTER STATED USE



Robert Mizell #14A5395
GREAT MEADOW CORRECTIONAL FACILITY
BOX 51
COMSTOCK, N.Y. 12821-0051

USDC - WDNY
NOV 12 2021
BUFFALO

CLERK,
UNITED STA
BUFFALO, N.

CASE
20-C

**LEGAL MAIL**

Great Meadow

Correctional Facility

NEOPOST
11/09/2021
US POSTAGE $002.16⁰

FIRST-CLASS MAIL

ZIP 12821
041M11283103

U.S. DISTRICT COURT

TES COURTHOUSE

Y.   14202 - 3350

NO.

CV - 1409