UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**ROBERT MIZELL, 14-A-5395,**

                      **Plaintiff,**

v.                                                           20-CV-1409 JLS(Sr)

**T. GETER, et al.,**

                        **Defendants.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters. Dkt. #48.

Plaintiff, Robert Mizell, filed this *pro se* action seeking relief under Title 42, United States Code § 1983 claiming violations of his rights under the Eighth and Fourteenth Amendments to the United States' Constitution during his incarceration at the Elmira Correctional Facility. Dkt. #14 & Dkt. #24.

Currently before the Court is plaintiff's motion for an extension of the Case Management Order and appointment of counsel. Dkt. #85. In support of his motion, plaintiff advises the Court that he is struggling with his mental health and has been transferred to Central New York Psychiatric Center, where he will be without access to his personal property. Dkt. #85.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case

where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Although this action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel, plaintiff's transfer to the Central New York Psychiatric Center suggests that appointment of counsel is appropriate to assist plaintiff in the prosecution of this action and to avoid further delay of these proceedings. Accordingly, plaintiff's motion for appointment of counsel is granted and the *Pro Bono* Administrator is directed to appoint *pro bono* counsel to represent plaintiff. An Amended Case Management Order will be issued following appointment of counsel.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 7, 2024

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**